IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 02-0460-001-PHX MHM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Charles T. Winkler, | ) | |
| Defendant. | ) | |

Currently before the Court is Defendant's *pro se* motion for reconsideration. (Dkt.#35). After reviewing the pleadings, the Court issues the following Order.

**I.     Background**

On October 21, 2002, Defendant pleaded guilty to violating 18 U.S.C. § 1708, Theft of Mail.  The Court sentenced Defendant to a term of seven months imprisonment and upon release from imprisonment a term of thirty-six months of supervised release.  Subsequently, the Court signed a petition and a superseding petition to revoke Defendant's supervised release, alleging Defendant had violated the terms of his supervised release by committing identity theft.  Defendant is serving a term of seven and half years imprisonment, imposed by the Superior Court of Maricopa County arising out of identity theft charges.

On November 30, 2004, Defendant filed a *pro se* motion to dismiss charges or for a speedy trial, requesting the Court to quash the petition to revoke his supervised release because his current state sentence of seven and a half years is greater than the term of

1  Defendant's federal sentence, thirty-six months of supervised release. Hence, Defendant
2  argued revoking his supervised release would be superfluous. On January 14, 2005, the
3  Court denied the motion because any sentence the Court imposes pursuant to revoking
4  Defendant's supervised release would likely run consecutively to Defendant's state sentence.

5  Defendant filed a motion to dismiss case for want of prosecution on July 20, 2005,
6  stating that additional punishment would cause a harsh burden on Defendant and his family.
7  The Court denied the motion on August 5, 2005 finding that the motion to dismiss was
8  essentially a motion for reconsideration of the Court's January 14, 2005 Order, and that
9  Defendant had not stated a basis for reconsideration.

10 **II.     Discussion**

11  In his current motion, Defendant again requests that the Court reconsider and reverse
12 its January 14, 2005 Order. Motions for reconsideration are disfavored and are only
13 appropriate if the Court (1) is presented with newly discovered evidence; (2) committed clear
14 error or the initial decision was manifestly unjust; or (3) if there is an intervening change in
15 controlling law. United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) *citing* Thomas
16 v. Bible, 983 F.2d 152, 154 (9th Cir. 1993) *cert. denied*, 508 U.S. 951 (1993).

17  Since Defendant does not claim to have discovered any new evidence, the first
18 circumstance does not apply in this case.

19  Defendant contends that the Court erred in denying his motion to dismiss charges.
20 He argues that the Government violated the sixth and 14th amendments of the Constitution
21 as well as Rule 32.1 of the Federal Rules of Criminal Procedure by lodging a detainer while
22 Defendant is in state custody and failing to immediately prosecute his supervised release
23 violation. There was no clear error in the Court's decision to deny the motion however, since
24 a district court may "postpone the federal adjudication of matters arising before the
25 expiration of that [supervised release] term until after the defendant is released from state
26 custody." United States v. Garrett, 253 F.3d 443, 450 (9th Cir. 2001). Defendant's right to
27 counsel and due process and Fed.Rules.Crim.Proc.32.1 have not been violated since he is not
28 in custody for violating the terms of his supervised release. Both subsections (a) and (b) of

1  Fed.Rules.Crim.Proc.32.1 pertain to "a person held in custody for violating probation or
2  supervised release."  Defendant is in state custody for identity theft charges, so Rule 32.1
3  does not apply.
4      There has been no change in intervening law.  There are no Ninth Circuit or Supreme
5  Court cases that overrule or modify the Court's holding in Garrett.
6      Accordingly,
7      **IT IS HEREBY ORDERED** that Defendant's motion for reconsideration is denied.
8  (Dkt.#35).
9      DATED this 18th day of August, 2006.

_____
Mary H. Murgula
United States District Judge

- 3 -